IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBERT PRESLAR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18-cv-2121-NJR |
| JOHN BALDWIN, CHRISTOPHER THOMPSON, CHRISTINE BROWN, and KIM RICHARDSON, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On November 26, 2018, as part of his Complaint (Doc. 1), Plaintiff Robert Preslar ("Preslar") requested a preliminary injunction. On December 5, 2018, an Order was entered pursuant to 28 U.S.C. §1915A setting forth Preslar's claims for violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"), as well as deliberate difference to Preslar's disability and other medical needs. (Doc. 15). The Court docketed Preslar's request for immediate injunctive relief as a separate motion for preliminary injunction. (Doc. 6). Preslar subsequently filed a formal motion for preliminary injunction. (Doc. 8). Defendants Christine Brown and Christopher Thompson filed a response to Preslar's motion (Doc. 23).

## BACKGROUND

Preslar's Complaint and motion for preliminary injunction allege that the cells he has been housed in at Pinckneyville Correctional Center ("Pinckneyville") fail to

1

accommodate his disability. (Doc. 1, p. 6). The first cell Preslar was placed in did not have beds or showers that accommodated his wheelchair. (*Id*.). According to his motions, Preslar was transferred to another cell—in the 6B unit—on August 23, 2018, but that cell also lacks proper accommodations. (Doc. 1, pp. 7-8). His wheelchair will not fit between the bed and sink without being folded. (*Id.*; Doc. 8, p. 2). Preslar often sleeps in his wheelchair as a result. (Doc. 1, p. 5). On September 22, 2018, Preslar fell while trying to fold his wheelchair so that it would fit into the cell. (*Id*. at p. 8). Preslar also asserts that he is not allowed out of his cell, except for one hour on Fridays. (Doc. 8, p. 4).

Preslar also alleges that the showers in 6B unit are also not accessible. Specifically, he states that the shower head is high enough for able-bodied residents and will not fit the handicap equipment provided to disabled inmates like Preslar. (Doc. 8, p. 2). The wheelchair will not fit in the shower, given the size of the shower, and Preslar describes the shower-chair as "precarious"—making it difficult to transfer from his wheelchair to the chair. (*Id*. at p. 2). He also fell trying to take a shower in the 6B unit and has not showered after that incident. (Doc. 1, p. 8; Doc. 8, p. 3). Preslar asserts that as of the time of filing his motion, he had not had a shower since August 20, 2018. (Doc. 8, p. 3). He also claims that he does not have access to cleaning supplies or soap with which to clean himself. (*Id*.).

In addition to the lack of accommodations, Preslar claims that he is in need of surgery for his leg, but Defendant Christine Brown informed him that the state would not pay for the surgery because he is set to be released in March 2019. (Doc. 1, p. 8). He also asserts that he has fallen on three separate occasions and taken to an outside hospital

where he was informed that he needed an MRI but the prison would not pay for the procedure. (*Id*.; Doc. 8, p. 4).

Defendants Christine Brown and Christopher Thompson filed a response to Preslar's motion. (Doc. 23). They also provided the Court with Preslar's medical records. (Doc. 22). According to those records, Preslar was taken to the emergency room at Pinckneyville Community Hospital on September 18, 2018 for swelling in his lower leg. (Doc. 22-1, p. 121). Although the records do not indicate which leg was swelling, Preslar previous complained to medical staff about swelling in his left leg and ankle. (*Id*. at pp. 93, 95, 100). He was sent to the Pinckneyville Community Hospital again on September 25, 2018 for pain and swelling in his left foot and ankle. (*Id*. at pp. 124-130; Doc. 22-2, pp. 1-8). On September 27, 2018 he was approved by Wexford Collegial Review for an orthopedic consult. (*Id*. at p. 123). It was noted that Preslar was still in a boot on his left foot and that he had been to the emergency room on two recent occasions. (*Id*.).

Preslar was seen by an orthopedic surgeon on October 22, 2018, and surgery was recommended for his left foot. (Doc. 22-2, pp. 10-13). Collegial Review approved the surgery, superior malleolar osteotomy, on October 25, 2018. (*Id*. at p. 14). Preslar received surgery for his leg/foot on December 27, 2018 (Doc. 22-1, p. 112-113). He is currently housed in the infirmary at the Pinckneyville Correctional Center. (Doc. 23-1, p. 1). Christine Brown, ADA Coordinator and Healthcare Unit Administrator at Pinckneyville, testified in person and by affidavit that once Preslar is released from the infirmary, he will be placed in an ADA compliant "four-man wheelchair cell". (*Id*. at p. 2). The cell houses four inmates, two who are in wheelchairs and two who are not in wheelchairs

(who serve as "helpers"). (*Id*.). Prior to his surgery, Preslar held a permit for a low bunk, low gallery and a permit for a wheelchair and leg brace/boot. (Doc. 22-2, pp. 62-63).

## ANALYSIS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*,

735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## DISCUSSION

As explained on the record at the hearing, Preslar has not met the high burden to obtain a preliminary injunction at this time. There are two main issues that Preslar raises in his complaint and motion for preliminary injunction: that his cell and shower are not ADA accessible and that he needs surgery and an MRI but has been denied both. At the time Preslar filed his Complaint and later motion for preliminary injunction, he was housed in 6B unit, which he claimed is not handicap accessible. Since his surgery on December 27, 2018, however, he has been housed in the Pinckneyville infirmary. Those accommodations appear to be handicap accessible. The Court also was assured that once he is released from the infirmary, Preslar will be placed in a "four-man wheelchair cell" which is ADA compliant (Doc. 23-1, p. 2). This is also not the same cellhouse where Preslar was previously housed.

Finally, the medical records indicate that Preslar has now received the surgery that he was seeking. He is also receiving a number of medications to address a variety of medical conditions. Thus, this issue is also moot.

## CONCLUSION

For these reasons and those more thoroughly expressed on the record at the hearing today, Preslar's motions for preliminary injunction (Docs. 6, 8) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: 1/22/2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**